UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP LLC,<br><br>        Plaintiff,<br>    v.<br><br>TMSOFT, LLC,<br><br>        Defendants,<br>    v.<br><br>APPLE INC.,<br><br>        Intervenor and Counter-Claimant. | CIVIL ACTION NO. 2:13-cv-255<br><br>**JURY TRIAL DEMANDED**<br><br>**APPLE INC.'S ANSWER AND COUNTERCLAIM IN INTERVENTION** |

## Introduction

1.    Plaintiff Lodsys Group LLC ("Lodsys") asserts claims of infringement of United States Patent Nos. 7,620,565 (the "'565 patent") and 7,222,078 (the "'078 patent") (collectively the "patents in suit") against TMSoft, LLC ("TMSoft"), one of many software development companies (collectively "Developers") who creates software applications ("Apps") that run on Apple products, such as the Mac, iPhone, iPod Touch, iPad and iPad2 (collectively the "Apple Products").

2.    Intervenor Apple Inc. ("Apple") is licensed to the patents in suit ("License") and expressly permitted, among other things, to use, sell, offer to sell or otherwise distribute to its Developers, including TMSoft, products and services that embody the technology covered by the patents in suit.

3.    Lodsys purchased the patents in suit subject to Apple's License.

4. Apple's ability to use the technology embodied by the patents in suit in products and services offered to its customers is the essence of the value of Apple's License to the patents in suit.

5. Apple offers products and services to the Developers to enable the Developers to offer their products to the end users of Apple Products. The products and services Apple provides to the Developers consist, among other things, of Apple application program interfaces ("APIs"), Apple software development kits ("SDKs"), and Apple's operating system ("iOS") through which the Developers' programs access Apple hardware and software that permit interaction between the Developers and Apple end users through the App Store. Apple also provides a comprehensive set of Apple hosting, marketing, sales, agency, and delivery services that allow Developers to provide Apps to millions of Apple end users.

6. Apple's business with its Developers is extremely valuable to Apple. In return for providing these products and services to the Developers, the Developers pay to Apple a percentage of the revenue the Developers earn from selling their Apps to Apple end users. Over fifty billion Apps have been downloaded from the App Store, and the App Store offers more than 775,000 Apps in over twenty different categories, including games, business, news, health, and travel.

7. Lodsys's claims of infringement are based on TMSoft's use of the products and services provided to them by Apple.

8. Because Apple is licensed to offer products and services that embody the patents in suit to its Developers, including TMSoft, under the patent law doctrines of exhaustion and first sale, TMSoft is entitled to use, free from claims of infringement of the patents in suit, those products and services to which Apple is licensed.

9. By commencing this suit against TMSoft based on its use of products and services offered to it by Apple and by threatening other App developers, Lodsys has diminished the value to Apple of its License. There has been at least one report of an effort to organize a boycott of further use of Apple's licensed technology by App developers until this issue is resolved. Apple's interest is direct, very real, and of extraordinary importance to the continued success of Apple's business, and will be prejudiced absent intervention to assert the defenses set out below.

10. TMSoft is a relatively small company and possesses far fewer resources than Apple. Moreover, TMSoft does not possess the detailed knowledge and expertise regarding Apple's licensed products and services necessary to respond to Lodsys's infringement allegations. In addition, TMSoft may not have the same motivation as Apple to assert the defense based on Apple's License. Accordingly, TMSoft may lack the ability, information, and motivation to protect Apple's rights under the License to offer products and services for use by Developers free from any claim of infringement of the patents in suit.

11. Apple's interest in defending its rights in the License raises issues that are common to the main action.

12. To protect the value of its License and the business that is permitted under the License, Apple intervenes in this lawsuit. Lodsys has no legal basis upon which to assert infringement claims based on TMSoft's use of licensed Apple technology.

## THE PARTIES

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Lodsys's Complaint for Patent Infringement (the "Complaint"), and on that basis denies each and every allegation contained therein.

14. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

15. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein, except that Apple admits that this action purports to arise under the patent laws of the United States and that Lodsys purports to ground subject matter jurisdiction in 28 U.S.C. §§ 1331 and 1338(a).

16. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

17. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein, except that Apple admits that Lodsys purports that Exhibit A is a true and correct copy of U.S. Patent No. 7,620,565 (the "'565 Patent"), which issued on November 17, 2009 and is titled "Customer-Based Product Design Module."

18. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

19. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies each and every allegation contained therein.

20. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.

21. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

22. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

23. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

24. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein, except that Apple admits that Lodsys purports that Exhibit B is a true and correct copy of U.S. Patent No. 7,222,078 (the "'078 Patent"), which issued on May 22, 2007 and is titled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."

25. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies each and every allegation contained therein.

26. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis denies each and every allegation contained therein.

27. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies each and every allegation contained therein.

28. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies each and every allegation contained therein.

29. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and on that basis denies each and every allegation contained therein.

30. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and on that basis denies each and every allegation contained therein.

## **JURY DEMAND**

31. Apple denies that Lodsys is entitled to a jury except as permitted by law.

## **PRAYER FOR RELIEF**

32. Apple denies that Lodsys is entitled to the relief requested in paragraphs (a)-(e).

## **AFFIRMATIVE DEFENSE**

Apple, as a further and separate defense to the Complaint and without assuming any burden it would not otherwise have, alleges the following affirmative defense:

### **License/Exhaustion of Patent Rights and First Sale**

33. Apple realleges and incorporates herein by reference the matters set forth in paragraphs 1-32 above.

34. As set out above, Apple is licensed to the patents in suit under the License. The License expressly permits Apple to offer and otherwise make available to its Developers products and services that embody the inventions contained in the patents in suit. Plaintiff's infringement claims against TMSoft are based substantially or entirely on TMSoft's use of products and services that Apple is authorized to provide under the License and which Lodsys claims embody the patents in suit.

35. Under the patent law doctrines of exhaustion and first sale, TMSoft can use the products and services Apple provides to it free of claims of infringing the patents in suit. Therefore, Lodsys's claims against TMSoft are barred by at least the doctrines of patent exhaustion and first sale.

## **COUNTERCLAIM**

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Apple, by and through its undersigned counsel, and by way of a counterclaim against Lodsys, alleges:

### **Parties**

36. Apple is a corporation organized under the laws of the State of California and maintains its principal place of business at One Infinite Loop, Cupertino, California 95014.

37.     Lodsys purports to be a limited liability company organized under the laws of the State of Texas that maintains its principal place of business in Marshall, Texas.

## Jurisdiction and Venue

38.     This counterclaim arises under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seeks relief for which this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and/or 2201-2202.

39.     Venue is proper under 28 U.S.C. § 1391 because, among other reasons, Lodsys purports to reside in this district and further purports to conduct business in this district.

40.     This Court has general and specific personal jurisdiction over Lodsys because, among other reasons, Lodsys purports to reside in this district and further purports to conduct business in this district.

## First Counterclaim for Declaratory Relief

41.     Apple realleges and incorporates herein by reference the matters set forth in paragraphs 1-40 above.

42.     Lodsys has invoked federal patent law to control the post-sale use of Apple's licensed products and services.  Absent a declaration and order as sought by Apple, Lodsys will continue wrongfully to assert patent claims that are subject to the License and therefore exhausted.  An immediate, real, definite, and concrete dispute exists between Apple and Lodsys over whether the License and the doctrines of patent exhaustion and first sale preclude Lodsys's ability to sue and threaten Developers for using Apple products and services that allegedly embody the patents in suit.

43.     A declaration that Lodsys's claims against TMSoft are barred by the doctrines of patent exhaustion and first sale will render moot many, if not all, existing claims and defenses in this action.  Apple is authorized under the License to offer and otherwise make

available to Developers products and services that embody the patents in suit. To the extent that these products and services do embody the patents in suit, TMSoft is permitted to use them free from suit by Lodsys under the doctrines of patent exhaustion and first sale.

44. Therefore, Apple is entitled to a declaration that Lodsys's claims against TMSoft are barred by the doctrines of patent exhaustion and first sale.

## JURY DEMAND

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple respectfully requests a trial by jury on all issues to which it is entitled to a jury trial by law.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully prays that (i) Lodsys take nothing against any defendant by way of the Complaint, (ii) that Lodsys's Complaint be dismissed with prejudice, (iii) that the Court issue an order declaring that Lodsys's claims against TMSoft are barred by the doctrines of patent exhaustion and first sale, and (iv) that the Court award Apple such other and further relief as it deems proper.

Dated: June 19, 2013

Respectfully submitted,

By */s/ Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

Jeffrey E. Ostrow (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com

**Counsel for Intervenor and Counter-Claimant Apple Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th of June, 2013.

*/s/ Melissa Richards Smith*
Melissa Richards Smith